IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anthony-Cortez: Webb, | : | |
| | : | Case No. 1:25-cv-652 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order |
| Guaranteed Rate Inc., | : | |
| | : | |
| Defendant. | : | |

Plaintiff Anthony-Cortez: Webb sued Defendant Guaranteed Rate Inc. alleging that the company engaged in wrongful or fraudulent conduct when the parties entered to a residential Mortgage and Note. (Doc. 3.) Magistrate Judge Stephanie K. Bowman issued a Report and Recommendation recommending that the Court dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 4.) Webb filed an Objection to the Report and Recommendation. (Doc. 6.) Because the Court agrees with the Magistrate Judge that Webb failed to state a claim upon which relief can be granted, the Court will **ADOPT** the Report and Recommendation, **OVERRULE** the Objection, and **DISMISS WITH PREJUDICE** the Complaint.

**I.**

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive matters that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir.

2003). "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up).

## II.

Webb is proceeding *pro se*—without the representation of counsel—and *in forma pauperis*—without the payment of filing fees. (Docs. 2, 3.) Congress has authorized district courts to dismiss an *in forma pauperis* complaint if the district court is satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–329 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest that does not exist. *Neitzke,* 490 U.S. at 327.

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (stating that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § 1915(e)(2)(B)(ii)).

2

**III.**

Webb purported to assert five claims for relief against Guranteed Rate in the Complaint: (1) fraudulent inducement; (2) breach of contract/lack of consideration; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (4) unjust enrichment; and (5) a claim for declaratory and injunctive relief. (Doc. 3 at PageID 44–45.) Counts 1–3 are stated against Guaranteed Rate only, but Counts 4–5 are stated against Guaranteed Rate and unnamed Does 1–10. The Magistrate Judge recommended dismissing Webb's Complaint after screening it on her own initiative under 28 U.S.C. § 1915(e)(2)(B). (Doc. 4.) Webb objects to the dismissal of his Complaint. (Doc. 6.)

In the well-reasoned Report and Recommendation, the Magistrate Judge recommended that Counts 1–4 of the Complaint should be dismissed for failure to state a claim upon which relief can be granted. Webb's objects to the dismissal of these claims only by making the general argument that his claims are plausible. He does not contend that the Magistrate Judge misstated the applicable legal standards or misunderstood the nature of his claims. But Webb is simply wrong to assert that he stated plausible claims for relief.

Webb asserted in the fraudulent inducement claim in the Complaint that Guaranteed Rate "misrepresented the nature of the mortgage transaction and failed to disclose material facts." (Doc. 3 at PageID 44.) The Magistrate Judge correctly held that Webb did not identify any material misrepresentation made by Guaranteed Rate and he did not plead facts that would create a special duty to disclose information beyond that stated in the Note and Mortgage. The Mortgage in paragraph 20 granted Guaranteed Rate the right to sell the Note and Mortgage without prior notice to Webb. (Doc. 3 at PageID 65–66.) Accordingly, Webb has failed to state a plausible claim for fraudulent inducement upon which relief can be granted.

In his breach of contract claim, Webb asserted that his contract with Guaranteed Rate failed for lack of consideration. (*Id.* at PageID 45.) He did not provide facts to support that assertion nor to overcome the presumption that consideration exists for promissory notes and mortgages. *See LaFrance v. Ralich*, 230 N.E.3d 85, 93, 2023-Ohio-4291, ¶ 33 (Ohio App. 2023). The Note here indicated that Webb received a loan as consideration. (Doc. 3 at PageID 47.) Webb has failed to state a plausible breach of contract claim upon which relief can be granted.

In the TILA claim, Webb alleged that Guaranteed Rate "failed to disclose the true nature of the transaction, including the treatment of Plaintiff's promissory note as a financial asset." (*Id.* at PageID 45.) The Magistrate Judge correctly concluded that Webb failed to identify the TILA provision violated by Guaranteed Rate and failed to provide facts suggesting that a violation occurred. The TILA claim is not plausible.

Webb asserted in his unjust enrichment claim that Guaranteed Rate and the Does 1–10 were "unjustly enriched through the use, sale, securitization, or transfer of Plaintiff's financial instruments." (*Id.*) "Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery such as a claim of unjust enrichment when a contract governs the relationship." *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 699 (S.D. Ohio 2012) (internal quotation and citation omitted). The Note and Mortgage governed the relationship between the parties here, and moreover, Webb did not plead facts that state a plausible unjust enrichment claim.

Finally, the Magistrate Judge recommended that Count 5—a claim for declaratory and injunctive relief—is better understood as a part of Webb's prayer for relief rather than an independent cause of action. (Doc. 3 at PageID 45.) Webb is not entitled to any form of relief

4

when he failed to state a plausible claim.  In sum, the Court agrees with the Magistrate Judge that all of Webb's claims should be dismissed.

## IV.

For the reasons above, the Report and Recommendation (Doc. 4) is **ADOPTED**, Plaintiff Webb's Objection (Doc. 6) is **OVERRULED**, and the Complaint (Doc. 3) is **DISMISSED WITH PREJUDICE**.  The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge